IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | § |
| | § |
| v. | §   No. 5:21-CR-3 |
| | § |
| SAMUEL MORGAN YATES | § |

## PRELIMINARY ORDER OF FORFEITURE

Defendant **Samuel Morgan Yates** pleaded guilty to Counts One and Two of the indictment. Pursuant to 18 U.S.C. §§ 981(a)(1) and 982(a)(1), the government requests that defendant's right, title, and interest to the following be forfeited to the United States, as this property constitutes or is derived from proceeds traceable to the offense of wire fraud:

    a.    **United States Currency**

        $504.815.40 in U.S. currency seized from Account No. xx6734 at Red River Employees Federal Credit Union.

    b.    **Cash Proceeds**

        A sum of money equal to $28,500.60 in U.S. currency, and all interest and proceeds traceable thereto, representing the amount of proceeds obtained by the defendant as a result of the offenses alleged in the indictment, for which the defendant is personally liable.

The United States is now entitled to possession of the above-referenced property pursuant to 18 U.S.C. §§ 981(a)(1) and 982(a)(1).

Accordingly, the government's motion for a preliminary order of forfeiture is **granted.**

The Court further **orders** that that:

1. Based upon the plea of defendant and the findings entered by the Court, the United States is hereby authorized to seize the aforementioned property. The property is forfeited to the United States for disposition in accordance with the law, subject to the provisions of Rule G(4)(a)(i) of the Supplemental Rules for Admiralty or Maritime and Asset Forfeiture Claims.

2. The forfeited property is to be held by the custodial agency, its agents, and vendors, in their custody and control.

3. Pursuant to 21 U.S.C. § 853(n), Supplemental Rule G(4)(a)(vi)(C), and the Attorney General's authority to determine the manner of publication for an order of forfeiture in a criminal case, the United States shall publish for at least 30 consecutive days at www.forfeiture.gov notice of this preliminary order of forfeiture, notice of the United States' intent to dispose of the property in such manner as the Attorney General may direct, and notice that any person, other than defendant, having or claiming a legal interest in the above-described forfeited property must file a petition with the court no later than 30 days after the final date of publication of notice, or receipt of actual notice, whichever is earlier. To the extent the forfeited property consists of cash proceeds obtained by defendant and for which defendant is personally liable, no ancillary proceeding is required to adjudicate the interest of the forfeited property, pursuant to Rule 32.2(c)(1).

4.      The notice shall state that the petition shall be for a hearing to adjudicate the validity of petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title, or interest in the forfeited property, the time and circumstances of petitioner's acquisition of the right, title, and interest in the forfeited property, and any additional facts supporting the petitioner's claim and the relief sought.

5.      The government may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the property that is the subject of the order of forfeiture as a substitute for published notice as to those persons so notified.

6.      The government may, at any time, move to amend this order of forfeiture to include substitute property having a value not to exceed $28,500.60 to satisfy the amount of cash proceeds forfeited by defendant in whole or in part, pursuant to Fed. R. Crim. P. 32.2(e).

7.      The United States District Court shall retain jurisdiction in the case for the purpose of enforcing this order.

**SIGNED this 10th day of May, 2022.**

CAROLINE M. CRAVEN
UNITED STATES MAGISTRATE JUDGE